**Opinion filed August 30, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00107-CR

_____

## RHONDA KAY ROSALES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20129B**

## M E M O R A N D U M   O P I N I O N

Appellant, Rhonda Kay Rosales, originally pleaded guilty to the offense of theft, a state fail felony. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for two years. The State later filed a motion to revoke community supervision and adjudicate Appellant's guilt. At a hearing on the motion, the State waived its first allegation, and Appellant pleaded true to the remainder of the State's allegations. The trial court found those allegations to be true, revoked Appellant's community

supervision, adjudicated her guilty of the charged offense, and assessed her punishment at confinement in a state jail facility for twenty months. We modify the judgment and dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that this appeal is frivolous. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief.[1] Counsel also advised Appellant of her right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation and to proceed with an adjudication of guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.]

---

[1]We note that this court granted Appellant more than thirty days in which to exercise her right to file a response to counsel's brief and that Appellant has not filed a response.

1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

We note, however, that the judgment contains nonreversible error. There is a variation between the oral pronouncement of sentence and the written judgment of adjudication. The written judgment includes a fine of $438. When the trial court adjudicated Appellant's guilt, assessed her punishment, and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*,

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

No. 11-14-00363-CR, 2015 WL 3918259, at \*2 (Tex. App.—Eastland June 25, 2015, no pet.) (mem. op., not designated for publication).

We modify the judgment to delete the $438 fine. Finding that the appeal is otherwise meritless, we grant counsel's motion to withdraw and dismiss the appeal.

PER CURIAM

August 30, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.